UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD GLENN DAUGHERTY,

    Petitioner,

  v.

KENNETH QUINN,

    Respondent.

Case No. C06-5051 FDB

ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS

    This matter comes before the Court on the Report and Recommendation of the Magistrate Judge that Petitioner's request for habeas corpus relief be denied and the petition be dismissed with prejudice. The Petitioner has filed Objections to the Report and Recommendation.

    Petitioner's habeas corpus petition challenges his convictions of child molestation. The victim of the crimes was Petitioner's daughter. Petitioner claims the trial court violated his right to a public trial when it excluded certain family members from the courtroom during the testimony of Laura Daugherty (Petitioner's wife and the victim's step-mother). The State had moved to exclude these family members as subpoenaed potential rebuttal witnesses to Mrs. Daugherty.

    As detailed by the Magistrate Judge, the Court of Appeals noted that the trial court did not

ORDER - 1

1  completely close the court room. It merely ordered the five subpoenaed witnesses to remain outside
2  the court room during Mrs. Daugherty's testimony. Although the Sixth Amendment provides that
3  criminal defendants have the right to a public trial, that right is balanced against other rights and
4  interests. See Waller v. Georgia, 467 U.S. 39, 45 (1984). In Waller, the United States Supreme
5  Court considered the total closure of a courtroom in the context of a seven-day suppression hearing
6  and formulated a test for determining when a criminal defendant's right to a public trial is outweighed
7  by other considerations. See Id. at 44-48. The Waller test includes the following factors: (1) absent
8  the closure, the overriding interest (of the trial court) is likely to be prejudiced; (2) the closure cannot
9  be broader than necessary to protect that interest; (3) the trial court must consider reasonable
10 alternatives to closing the proceeding; and (4) the trial court must make factual findings adequate to
11 support the closure. Id. at 48.

12       In the instant action, the Washington Court of Appeals found the Waller test satisfied. The
13 trial court was careful to make a record of its basis for the witnesses' exclusion and balanced the
14 petitioner's right to a public trial with the State's interest in preserving the integrity of the potential
15 witnesses. The trial court was within its right to exclude the witnesses under Rule 615 as potential
16 rebuttal witnesses. See, U.S. v. Ell, 718 F.2d 291, 292 (9th Cir. 1983). The closure was narrowly
17 tailored to meet the interests of Rule 615 as the exclusion was temporary, lasting only through the
18 testimony of Mrs. Daugherty.

19       Petitioner's Objections do not convince this Court otherwise. Although the State moved for
20 exclusion of the potential witnesses during the testimony of the victim daughter, the trial court ruled
21 these witnesses could remain in the court room during her testimony. The fact that these witnesses
22 may have exited the court room during the victim's testimony does not provide a basis for habeas
23 corpus relief. Further, the fact that the subpoenaed witnesses ultimately were not called to provide
24 rebuttal testimony does not defeat the considered basis for the trial court's Rule 615 exclusion order.

25       The Court, having reviewed Petitioner's petition for writ of habeas corpus, Respondent's

ORDER - 2

answer, the Report and Recommendation of Magistrate Judge Karen L. Strombom, Objections thereto, and the remaining record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation;

(2) Petitioner's writ of habeas corpus (Dkt. # 1) is **DENIED** and **DISMISSED WITH PREJUDICE**; and

(3) The Clerk is directed to send copies of this Order to petitioner, counsel for respondent and to the Hon. Karen L. Strombom.

DATED this 15th day of September, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3