UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD GLENN DAUGHERTY,

    Petitioner,

  v.

JOSEPH LEHMAN,

    Respondent.

Case No. C06-5051 FDB

ORDER DENYING CERTIFICATE OF APPEALABILITY

    This Court adopted the Report and Recommendation of the Magistrate Judge that Petitioner's request for habeas corpus relief be denied and the petition be dismissed with prejudice. Petitioner claims the trial court violated his Sixth Amendment right to a public trial when it excluded certain family members from the courtroom during the testimony of Laura Daugherty (Petitioner's wife and the victim's step-mother). The State had moved to exclude these family members as subpoenaed potential rebuttal witnesses to Mrs. Daugherty. This Court agreed with the State Court of Appeals that the trial court was within its right to exclude the witnesses under Rule 615 as potential rebuttal witnesses. The trial court was careful to make a record of its basis for the witnesses' exclusion and balanced the petitioner's right to a public trial with the State's interest in

ORDER - 1

preserving the integrity of the potential witnesses.  See, <u>Waller v. Georgia</u>, 467 U.S. 39, 45 (1984).

A court will issue a certificate only when a petitioner has made "a substantial showing of the denial of a constitutional right ." 28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a petition or claims within a petition on the merits, the petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable or are adequate to deserve encouragement to proceed further.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  The standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but the court need not determine that the petitioner would prevail on appeal.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  The court must resolve doubts about the propriety of a COA in the petitioner's favor.  <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1025 (9th Cir. 2000).

The Court finds that Petitioner has failed to make a substantial showing of the denial of the Sixth Amendment right to a public trial.  Reasonable jurists could not debate that the Sixth Amendment right to public trial should have been resolved differently.

ACCORDINGLY,

IT IS ORDERED:

Certificate of Appealability is DENIED as to Petitioner.


DATED this 24th day of October, 2006


FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2